UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                   **SENTENCE MEMORANDUM**

BETHANN MARIE WALLACE,            5:21-CR00124-001-(MAD)

          Defendant.

Defendant, BETHANN WALLACE, submits this Sentence Memorandum in support of issues that may be raised at the time of her sentence.

## FACTUAL BACKGROUND

The Defendant BETHANN WALLACE was charged in the Northern District of New York, accused of Threats by Interstate Communications, in violation of 18 USC §875(c), related to a threatening telephone message left on the office voice mail of then US Congressman John Katko.

On March 7, 2024, the Defendant BETHANN WALLACE pled guilty pursuant to a plea agreement to that charge (Count 2) of the Indictment. Defendant, through her plea agreement, and in open court on March 7, 2024, admitted she engaged in this behavior.

In the Defendant's presentence report the Government sought to introduce the following convictions to determine criminal history, a Driving While Intoxicated for which 1 point is assessed, resulting in a presumptive Criminal History Category of I. .

## SENTENCE ISSUES

### Criminal History Category

The Criminal History Category of I is lowest level of Criminal History.

### Acceptance Of Responsibility

As was set forth above, the Defendant BETHANN WALLACE on March 7, 2024, pled guilty to the second count of the Indictment in Case No. 21-CR-124. The Defendant is entitled to a 2 point reduction for acceptance of responsibility pursuant to USSG §3E1.1 (a). The Government has further moved for an additional (third) offense level for timeliness of acceptance of responsibility, pursuant to USSG §3E1.1(b).. Defendant respectfully requests the Court approve the 3 point departure for his acceptance of responsibility.

### Offense Level Computation

The base offense level for a violation of is found in USSG §2A6.1, for a base level of 12.

## GUIDELINE ANALYSIS

The base offense level for a violation of 18 USC §875(c) is found in USSG §2A6.1, for a base level of 12. The fact that this was a single instance crime leads to a 4 point reduction (USSG §2A4.6(a)(1). Because the victim was a government employee there is a 6 point addition (USSG §3A1.2(b). The Defendant BETHANN WALLACE entered a plea of guilty and admits to the conduct alleged in the Indictment. Pursuant to U.S.S.G. §3E1.1(a), the offense level is reduced two levels. The Defendant made a timely plea of guilty, and it is anticipated the Government will not oppose, pursuant to U.S.S.G. §3E1.1(b), a one level reduction. The total offense level therefore is 12. The criminal history category is I. If, pursuant to U.S.S.G.

Chapter 5, Part A, based upon a total offense level of , and criminal history category of I, the guideline range for imprisonment is 10 to 16 months.

## SENTENCE FACTORS

That the factors to be considered in imposing s a sentence are contained in 18 U.S.C. §3553 (a). These factors include the nature and circumstances of the offense, and the history and characteristics of the Defendant. Also, the need for the sentence to reflect the seriousness of the offense, respect for the law, and just punishment. In addition, the sentence should afford deterrence to criminal conduct, protection for the public from further crimes of the Defendant, and the appropriate correctional setting for the Defendant. In making its determination herein, this Court should consider, among other things, that the Defendant's has a supportive family.

The Sentencing Court, has the authority pursuant to U.S.S.G. §4A1.3, to depart from the stated criminal history category. In the policy statement of this section it is stated that,

> [T]here may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes.

The Defendant ERIN IRVINE has limited financial resources to a fine.

## ROLE OF THE COURT

Prior, and well before the landmark decision in *Booker*, in *United States v. Williams*, 65 F.3d 301 (2nd Cir. 1995), it was stated: "We wish to emphasize that the Sentencing Guidelines do not displace the

3

traditional role of the district court in bringing compassion and common sense to the sentencing process, in areas where the Sentencing Commission has not spoken, district courts should not hesitate to use their discretion in devising sentences that provide individualized justice" *Id.* 309-310.

Under the post-*Booker* advisory Sentencing Guidelines regime, while the sentencing judge must give respectful consideration to the Guidelines as one of an array of factors warranting consideration, the sentencing judge also has discretion to determine in a particular case, a within guidelines sentence is greater than necessary to serve the objectives of sentencing. *United States v. Regalado*, 518 F. 3d 143 (2nd Cir. 2008)

## FURTHER SENTENCING FACTORS

The Defendant, BETHANN WALLACE has a criminal history of I. Her only prior criminal charge was a DWI (misdemeanor).

Ms. Wallace was suffering serious mental health issues at the time of and after commission of the offense. Based upon her behavior her pretrial release was revoked and she was ultimately found not competent and was restored to competency following extensive psychological and medicinal intervention. As a result she has been in federal custody (including an extended stay at FMC Carswell for much of the past three years.

The Government has recommended, and the Defendant concurs, that a sentence of time served is appropriate in this case. The length of time served by the Defendant (including while at FMC Carswell)

exceeds the recommended sentence and thus time served is a just sentence.

## CONCLUSION

For the reasons set forth above, Ms. Wallace requests the Court impose an appropriate sentence of time served and no fine.

Dated: June 20, 2024

Respectfully submitted,

STUART J. LaROSE
Attorney for Defendant
BETHANN MARIE WALLACE
Office and PO Address:
Suite 315
247 West Fayette Street
Syracuse, New York 13202-2200
Telephone: (315) 428-1000